[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife and the defendant husband were married on December 9, 1973 in Jackson, Wyoming. There are two minor children issue of this marriage, Kerstin Allison Stock, born June 30, 1975, and W. Kyle Stock, born July 7, 1977.
The plaintiff wife is 47 years old and in good health except for a broken leg resulting from an ice skating accident. Her leg is presently in a cast. She was a flight attendant with TWA from 1965 to 1974, when she became pregnant with her first child. She returned to TWA as a flight attendant in 1986 and is currently so employed, except that she is now on disability leave because of the broken leg. She expects to return to work towards the end of this year or the beginning of next year. In 1990 her earnings from TWA were $17,900. This is a second marriage for the plaintiff wife, the first one lasting less than one year. There were no children of her first marriage.
The defendant husband is 62 years old and in good health except for a broken arm resulting from a fall from a ladder. His arm is presently in a cast. He is a retired airline captain having flown for TWA for some 25 years and having reached the mandatory retirement age on December 22, 1988. This is a first marriage for the defendant husband. He is currently receiving a pension from both TWA and the United States Navy. He has no plans for future employment. He is also entitled to receive social security benefits but has elected not to take them at this time.
Both of the children attended private school through the eighth grade. Kerstin is entering her junior year in public high school and Kyle is entering his freshman year in public high school. CT Page 6910
Prior to this marriage the defendant husband owned a condominium and a building lot in Teton Village, Wyoming, an interest in a farm in Storm Lake, Iowa, land with an A-frame on it on Lake Candlewood in New Fairfield, Connecticut, and an interest in a house in California in which his mother and step-father reside.
During the course of this marriage the parties acquired the family home on Joshua Town Road in Lyme, Connecticut. In addition, the defendant husband acquired 20.41 acres of vacant land in Lyme, Connecticut, and constructed a house on the building lot in Teton Village, Wyoming.
The defendant husband's hobby is collecting and restoring antique and classic cars. Some of these cars were acquired prior to the marriage and some were acquired after the marriage.
The court finds that the marriage has broken down irretrievably and the same is hereby dissolved.
One of the issues in this case involves the custody of the minor children. Both parties agree there should be joint custody but disagree as to where the children should maintain their principal place of residence. In addition, the plaintiff wife is willing to consult with the defendant husband on all major issues but wishes to have the ability to make the final decision in the event of a disagreement between the parties. The attorney for the minor children concurs in this request by the plaintiff wife. The defendant husband wishes to have the joint custody arrangement include joint decision making with neither party having the final say.
After a thorough review of all of the evidence presented in this matter and considering what would be in the best interest of said children, the following order shall enter:
The parties shall have joint legal custody of the minor children. Said children shall maintain their principal place of residence with the plaintiff wife and the defendant husband shall have liberal rights of access to said children. It is the opinion of the court that the parties and the children will be able to mutually agree on the times that the children will be with the defendant husband. It is further the opinion of this court that while the parties have had some difficulty in the past in reaching joint decisions regarding the children, that they can, if they make the requisite effort, develop sufficient communication and cooperation so as to allow for joint decision making. If they fail, then either party may, of course, seek a modification of this order. Such inability to make joint decisions would in all probability be a sufficient change in circumstance effecting the CT Page 6911 best interests of the children to warrant a modification.
Another major issue in this matter was the value of the marital assets. A number of experts testified for both parties and the court has substantial evidence before it in order to reach its opinion as to such values. The findings of the court are as follows:
A. The gross fair market value of the family home on Joshua Town Road, Lyme, Connecticut, is $440,000. This value does not contemplate a subdivision of this property as the court does not find from the evidence presented that the property is amenable to subdivision. To the contrary, the weight of the evidence is that it is not. This property is subject to two mortgages. The first mortgage has a principal balance of approximately $51,000 and the second mortgage has a principal balance of approximately $44,000. The proceeds of this second mortgage were used to finance the property of the defendant husband in Teton Village, Wyoming.
B. The fair market value of the 20.41 acres of raw land on Mitchell Hill Road, Lyme, Connecticut, is $215,000.
C. The fair market value of the Lake Candlewood property is $140,000.
D. The fair market value of the condominium in Teton Village, Wyoming, is $200,000.
E. The fair market value of the house and lot in Teton Village, Wyoming, is $451,000.
F. The fair market value of the defendant husband's interest in the Iowa farm is $100,000.
G. The fair market value of the defendant husband's interest in the California home in which his mother resides is $50,000.
H. The fair market value of the antique cars is as follows:
(1) 1947 Chrysler $ 4,550
(2) 1960 Oldsmobile $ 200
(3) 1962 Alfa Romeo $ 3,000
(4) 1962 Buick $ 750
(5) 1962 Corvair Pickup $ 750
(6) 1962 Corvair Convertible $ 1,500 CT Page 6912
(7) 1962 Corvair Convertible $ 1,500
(8) 1965 Alfa Romeo $ 3,225
(9) 1962 Ferrari $68,100
(10) 1970 Jaguar $12,250
(11) 1977 Scout $ 750
(12) 1972 Ford Bronco $ 2,000
I. The present value of the defendant husband's TWA pension is $608,357.
J. The present value of the defendant husband's Navy pension is $100,751.
K. The present value of the plaintiff wife's survivorship interest in the defendant husband's TWA pension is $117,327.
L. All other assets not mentioned above have the values as shown on the respective financial affidavits of the parties filed with this court on August 5, 1991.
In light of all of the above and taking into consideration all of the factors contained in 46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes, the following additional orders shall enter:
1. All of the right, title and interest of the defendant husband in and to the real property known as 278 Joshua Town Road, Lyme, Connecticut, is hereby assigned to the plaintiff wife subject only to the existing first mortgage which shall be her sole obligation and she shall indemnify and hold the defendant husband harmless therefrom. The second mortgage on said premises shall be the sole obligation of the defendant husband and he shall indemnify and hold the plaintiff wife harmless therefrom. The defendant husband shall keep all payments current on said second mortgage and shall pay the same in full and provide the plaintiff wife with a release thereof within 60 days from the date that the plaintiff wife informs him, in writing, that she has an executed contract for the sale of said premises or within two years of the date hereof, whichever event shall first occur.
The defendant husband shall vacate said premises within 30 days of the date hereof except that he may have the use of the 10 car garage located on said premises for the purpose of storing his antique cars for a period of one year from the date hereof, after CT Page 6913 which time he shall forthwith remove said cars.
2. There is hereby assigned to the plaintiff wife an undivided one-half interest in and to the 20.41 acres of vacant land located on Mitchell Hill Road, Lyme, Connecticut. Said property shall be placed on the market for sale immediately upon the written demand of either party to the other. When the property is placed on the market for sale, the parties shall fully cooperate with each other to effect such sale. If they are unable to agree on any aspect of said sale, they may return to this court and this court will enter such orders as shall at that time be appropriate. Until such sale all taxes and assessments relating to said property shall be paid equally by the plaintiff wife and the defendant husband.
3. The defendant husband shall pay to the plaintiff wife the sum of $225 per week for the support of each minor child until such child reaches the age of majority or is sooner emancipated. This order shall be subject to a contingent wage withholding.
4. The defendant husband shall pay to the plaintiff wife the sum of $300 per week as periodic alimony until the death of the defendant husband, the death or remarriage of the plaintiff wife, or September 1, 1997, whichever event shall first occur.
5. The defendant husband shall continue to maintain his presently existing health insurance for the benefit of the minor children. If such insurance is no longer available to the defendant husband and if health insurance is available to the plaintiff wife through her employment, then she shall maintain such insurance for the benefit of the minor children, in which event the defendant husband shall reimburse her for any premium occasioned thereby. If neither party has health insurance available to them through their present or past employment, then the defendant husband shall purchase Blue Cross and Blue Shield (or their equivalent) for the benefit of the minor children and shall be responsible for the cost of such insurance.
In addition, all uninsured medical, dental, orthodontic, ophthalmic, psychological and psychiatric expenses incurred on, behalf of the minor children shall be paid equally by the plaintiff wife and the defendant husband: provided, however, that except in the case of an emergency no such expenses for which the parties will be liable shall be incurred without mutual consent, which consent shall not be unreasonably withheld. This order shall be subject to the provisions of 46b-84 (c) of the Connecticut General Statutes.
6. The defendant husband shall maintain insurance on his life with a death benefit of $50,000 for each minor child as CT Page 6914 beneficiary until such child reaches the age of majority or is sooner emancipated.
7. The plaintiff wife shall continue to be the sole survivor of both Plan A and Plan B, of the defendant husband's retirement program through TWA, and she shall be entitled upon the death of the defendant husband to receive monthly annuities equal to 50% of he defendant husband's monthly pension payments.
8. All of the right, title and interest of the defendant husband in and to the 1981 Mercedes automobile is hereby assigned to the plaintiff wife. The defendant husband shall forthwith execute all documents necessary to effect this transfer.
9. All of the contents of the premises referred to in paragraph 1 hereof shall be the sole property of the plaintiff wife except for the following which the defendant husband may remove when he vacates the premises:
 (a) Everything in the den except the bureau and night stands from Kerstin's bedroom;
(b) Taxidermy except greater kudu, impala and gerenuk:
(c) Half of zebra and impala skins;
(d) HiFi and speakers except amp/preamp;
(e) Records belonging to the defendant husband;
(f) The older T.V.;
(g) 19" black and white TV (RCA);
(h) Brass kettle wood holder;
(i) 1 African plaque;
(j) 2 Flip photo album;
(k) 16 power Nikon binoculars;
(l) Cherry rocker;
(m) Black leather chair;
(n) Teak HiFi cabinet and table lamp;
(o) Teak nest of tables; CT Page 6915
(p) Teak dining chair;
(q) Clothes;
(r) 2 Danish bedroom lamps;
(s) German stainless flatwear;
(t) Wood pepper grinder;
(u) 1800's tapestry and hangar;
(v) Souvenirs/model airplanes in entry;
 (w) Photo albums that the defendant put together in 1980-81.
(x) Personal books;
(y) All of the liquor;
 (z) Everything in upper and lower garage, except the plaintiff wife's tire and rims, the Scout, the plow and parts for Kerstin's car
(aa) Clothes rack;
 (bb) The defendant husband's suitcases and one-half of the parachute bags;
(cc) Coleman stove and vacuum bottles;
(dd) Electric Fan/grey:
(ee) Movie projectors;
(ff) Cameras/Zeiss, Retina IIIC, Instamatic;
(gg) Watches/Bulova, Omega, Rolex
(hh) Jewelry/cuff links, etc.;
(ii) Guns except for the plaintiff wife's Remington 2 3/4 Mod 1100 12G;
 (jj) Boats/21' Grady White, 16' Aluminum, 12' Aluminum;
 (kk) Outboard Motors/155 HP Evinrude, 30 HP Evinrude, 6 HP Johnson, and antique motors;
(ll) Magnavox table radio:
 (mm) Alarm table radio on the defendant husband's side of the bed;
(nn) Boat trailers/Grady White and 16' trailer;
(oo) Half of ice coolers;
(pp) Glass candle holder.
10. The contents of all other real property owned by the defendant husband shall be the sole property of the defendant husband except for any clothing or personal belongings of the plaintiff wife which she may remove as soon as it is reasonably convenient.
11. The balance of the fee due to Barbara M. Quinn, the attorney for the minor children in the amount of $7,410, plus the sum of $150 per hour for each hour of the last day of the trial of this matter shall be paid by the defendant husband within 30 days of the date hereof.
12. The defendant husband shall pay to Thomas A. Bishop, the plaintiff wife's attorney, the sum of $15,000 as a contribution towards her attorney's fees incurred in this action. Said sum shall be paid within 30 days of the date hereof.
13. Except as expressly provided herein, any liabilities shown on the financial affidavits of the parties filed with this court on August 5, 1991 shall be the sole obligation of the party upon whose affidavit said liability appears, and they shall indemnify land hold the other party harmless therefrom.
14. Except as expressly provided herein, all of the property, shown on the financial affidavits of the parties filed with this court on August 5, 1991 shall be the sole and exclusive property of the party upon whose affidavit such property appears.
Frederick A. Freedman, Judge CT Page 6916